**512**

**GREAT AMERICAN INSURANCE COMPANY, a corporation, et al., Plaintiffs,**

v.

**DEPARTMENT OF REVENUE, STATE OF ILLINOIS, et al., Defendants, United States of America, Intervenor.**

No. 62 C 1755.

United States District Court

N. D. Illinois, E. D.

Oct. 25, 1963.

Samuel Levin, Chicago, Ill., for plaintiffs.

Robert C. Eardley, Chicago, Ill., for defendants Villa LaMaine, Eardley & Ward, Gus Kitsos.

McKinley & Price, Chicago, Ill., for defendant Matthew F. Blondell.

Maurice J. Green, Chicago, Ill., for defendant Edward Don & Co.

Edward A. Gorenstein, Chicago, Ill., for defendant Devon-North Town State Bank.

James P. O'Brien, U. S. Atty., Erwin I. Katz, Asst. U. S. Atty., for intervenor United States of America.

PERRY, District Judge.

Great American Insurance Company and seven other insurance companies filed in the Superior Court of Cook County, Illinois, a complaint for interpleader. The cause was removed to this court on the petition of the United States of America which, on its motion, was dismissed by this court as a party defendant. Subsequently, it filed its complaint in intervention.

It appears that on May 27, 1958, a fire damaged the premises occupied by defendant Villa La-Maine, Inc., insured by plaintiff companies.

On May 25, 1959, Villa La-Maine, Inc., instituted suit in the United States District Court for the Northern District of Illinois, Eastern Division, against all of the plaintiffs except The Western Fire Insurance Company, and on May 26, 1959 started suit against that company in the Municipal Court of Chicago, Illinois, seeking in each of the suits to recover for losses occasioned by the fire.

Each of the suits was dismissed by order of court—the suit in the United States District Court for lack of jurisdiction on June 26, 1961 and the suit in the Municipal Court on June 29, 1961.

It was agreed that plaintiff companies would pay Villa La-Maine, Inc. the sum of $6500.00 in consideration of its foregoing its right to appeal the order of dismissal entered by the United States District Court and in further consideration of the compromise settlement of all claims which said Villa La-Maine, Inc. had against the plaintiff companies under the insurance policies issued by them. No appeal was taken.

The plaintiff insurance companies filed this complaint for interpleader asking the court to decide the rights of claimants to the $6500.00 fund. Pursuant to an order entered by this court on April 30, 1963, the $6500.00 has been deposited with the Clerk of this court.

The United States of America, Devon-North Town State Bank, Eardley & Ward, Gus Kitsos, Edward Don & Company, Inc., and Matthew Blondell have proved their claims. Other parties to this interpleader suit were defaulted by order of this court entered on August 13, 1963.

The following sets forth the sequence of events to which reference must be had in a determination of the priority of the claims involved here:

**1958**

May 27 — Fire occurred on premises of Villa La-Maine, Inc.

June 2 — Villa La-Maine, Inc. assigned to MATTHEW F. BLONDELL the proceeds due it for fire loss under policy issued by Royal Insurance Company. Matthew F. Blondell agreed to assist in adjustment of the loss and for services was to receive 10% of amount recovered.

June 3 — DEVON-NORTH TOWN STATE BANK perfected a judgment against Villa La-Maine, Inc. in the amount of $3188.09 together with interest at the rate of 5% per annum and court costs.

June 6 — The UNITED STATES OF AMERICA made assessment of taxes due from Villa La-Maine, Inc. in amount of $1116.48.

June 19 — EARDLEY & WARD served on insurance companies notice of attorneys' lien for 25% of any amount recovered.

**1959**

Mar. 20 — In a suit in the Municipal Court of Chicago, Ill., EDWARD DON AND COMPANY, INC. obtained judgment against Villa La-Maine, Inc. for $331.00, and execution issued on March 25, 1959.

Mar. 30 — Notice of federal tax lien against Villa La-Maine, Inc. was filed by the United States of America in the office of the Recorder of Deeds, Cook County, Illinois.

May 25 — Villa La-Maine, Inc. started suit in United States District Court for the Northern District of Illinois, Eastern Division, No. 59 C 832, against all of plaintiff companies herein except The Western Fire Insurance Company.

May 26 — Villa La-Maine, Inc. started suit in Municipal Court of Chicago, No. 59 M 2710, against The Western Fire Insurance Company.

**1960**

June 28 — Assignment to GUS KITSOS by Villa La-Maine, Inc. of policy issued to it by The Western Fire Insurance Company and of all sums to be recovered thereunder.

**1961**

June 26 — Case No. 59 C 832 dismissed by order of U. S. District Court for want of jurisdiction.

June 29 — Municipal Court suit No. 59 M 2710 dismissed by order of court.

Claim of Villa La-Maine, Inc. against insurance companies settled for $6500.00.

The tax lien of the Government was created by Section 6321 of 26 U.S.C.A. which provides—

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Section 6323 of 26 U.S.C.A. reads, in part—

"(a) *Invalidity of lien without notice.*—Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate * * *."

The Government concedes that its claim is inferior to that of the Devon-North Town State Bank, a judgment creditor since the Bank's judgment was perfected before the Government's lien was filed.

"The federal rule is that liens are 'perfected in the sense that there is nothing more to be done to have a choate lien—when the identity of the lienor, the property subject to the lien, and the amount of the lien are established.'" (United States v. Pioneer American Ins. Co., 374 U.S. 84, 89, 83 S.Ct. 1651, 1655, 10 L.Ed. 2d 770, citing United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520.)

Each of the assignments made by Villa La-Maine, Inc., to Matthew Blondell and Gus Ritsos was for an uncertain amount of money which was not and could not be ascertained until June, 1961, when the claim of Villa La-Maine, Inc., against the insurance companies was settled for $6500.00. Each of those claims, based on such assignments, was inchoate until a time which was subsequent to the date on which the federal tax lien arose. The lien of the United States is therefore superior to the claims of Matthew Blondell and Gus Ritsos.

The judgment of Edward Don & Company, Inc., perfected on March 25, 1959, has priority over the Government's tax lien which was not filed until March 30, 1959. (26 U.S.C.A. § 6323.)

The tax lien of the United States is superior to the attorneys' lien of Eardly & Ward which was for an uncertain amount—25% of whatever amount might be recovered—and was therefore inchoate until the settlement date in June, 1961, a date subsequent to the time when the federal tax lien arose.

The attorneys' lien of Eardley & Ward, however, arose on June 19, 1958, the date on which notice was served in writing (Ill.Rev.Stats. c. 13, § 14) and it is therefore prior to the judgment of Edward Don and Company, Inc. which was not perfected until March 25, 1959.

As the Government points out in its able brief, we have here a situation known as "circular priority" as to the claims of (a) the United States, (b) Edward Don & Company, Inc., and (c) Eardley & Ward. The Government's tax lien is superior to the attorneys' lien; the attorneys' lien is superior to the claim of the judgment creditor; and the claim of the judgment creditor is superior to the federal tax lien.

This court is of the view that the problem presented by the tripartite priority will best be resolved, as suggested by the Government, in the following manner:

From the fund on deposit, amounting to ................... $6500.00
Pay to the DEVON-NORTH TOWN STATE BANK based on its judgment plus interest and costs, the sum of ......................................... 4011.19

Leaving a balance of ....................... $2488.81

From this balance, take out and set aside the amount of the EDWARD DON & CO., INC. judgment and costs .. 364.00

$2124.81

Pay to the UNITED STATES OF AMERICA the amount now due on tax lien ......................... 1451.93
Balance ......................................... $ 672.88

Add to this balance the amount, above set aside, of the Edward Don & Co. Inc. judgment and costs amounting to ...... 364.00

Balance of fund on deposit with the Clerk which would be available for distribution among remaining claimants ........................... $1036.88

---

Of the remaining claimants to the fund, Eardley & Ward must be given priority on their claim of $1625.00 (25% of $6500.00). Obviously, and regrettably, payment to them of the $1036.88 so available for distribution would exhaust the fund on deposit, leaving nothing for the other claimants.

This memorandum shall stand as findings of fact and conclusions of law.